61 F.3d 909
 1995 Copr.L.Dec. P 27,483
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph BOARDMAN, d/b/a Boardman Software, a sole
proprietorship; Les Tadlock, a single person,
Plaintiffs-Appellants,
v.
COUNTY OF SPOKANE, a political subdivision of the State of
Washington, Defendant-Appellee.
COUNTY OF SPOKANE, Third-Party Plaintiff,
v.
CAPACITECH CORPORATION, a Washington corporation,
Third-Party Defendant.
 No. 94-35703.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 17, 1995.*
Decided July 26, 1995.
 
 Before: FARRIS, NOONAN and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiffs timely appeal the district court's grant of summary judgment on their federal claims for copyright infringement and supplemental state law claims for misappropriation, conversion and tortious interference with business expectancies. We review de novo, Brown Bag Software v. Symantec Corp. 960 F.2d 1465, 1472 (9th Cir.), cert. denied, 113 S.Ct. 198 (1992), and affirm.
 
 I. BACKGROUND
 
 3
 In October 1991, the County of Spokane solicited bids for an interactive voice response system to allow telephone and fax machine access to tax information. Although Capacitech Corporation submitted the lowest bid, the County's director of purchasing, Donald LaBrecque recommended to the Board of County Commissioners that the contract not be awarded to Capacitech because the company had insufficient experience. CR 55 (LaBrecque Aff. at 3).
 
 
 4
 Before the contract was awarded, numerous representations were made to the County regarding plaintiff Boardman's relationship with Capacitech. During a meeting between LaBrecque, Boardman and Mark Brown (Capacitech's president), Boardman represented himself to be a systems analyst employed by Capacitech. CR 55 (LaBrecque Aff. at 3). He later provided LaBrecque with his Capacitech business card and again identified himself as a Capacitech employee. CR 70 (LaBrecque Dep. at 65-66). Boardman also wrote to LaBrecque on Capacitech stationary in connection with Capacitech's effort to win the contract. CR 55 (LaBrecque Aff., Exh. E). In a further effort to convince the Board that Capacitech had the requisite experience, plaintiffs' counsel George Guinn, then appearing on behalf of Capacitech, represented that Boardman was an employee and principal of the company. Id. at Exh. C; CR 66 (Bergstrom Aff., Exh. at 11-12). During discovery, Boardman acknowledged that such representations were made on his behalf. CR 63 (Pls.' Resp. to Interrogs.).
 
 
 5
 Boardman now claims that he was never formally associated with Capacitech as either an employee or principal, but was an independent contractor. As discussed below, the distinction is important because the nature of Boardman's relationship with Capacitech will determine whether he holds a valid copyright in software he wrote while performing the Capacitech contract. Les Tadlock, a former County employee, who worked with Boardman on the software after leaving his job with the County, also claims co-ownership of the software copyrights.
 
 II. PARTIES TO THE CASE
 
 6
 As a preliminary matter, we must address the scope of the dispute before us. The parties' briefing assumes that Tadlock was joined in this case. However, throughout their briefing plaintiffs cite to an amended complaint, CR 36, that does not even mention Tadlock.
 
 
 7
 Just before the cross motions for summary judgment were filed, plaintiffs moved to amend the complaint to add Tadlock. Although the County did not oppose this motion, see CR 48, the district court never ruled on it, and the amended complaint was never filed. Nonetheless, in light of the fact that the district court's order granting summary judgment includes Tadlock in its caption, and all parties assume Tadlock's claims are before us, we deem the complaint amended in conformance with the proposed amended complaint filed with plaintiffs' motion to amend. CR 47; see Fed.R.Civ.P. 15(b).
 
 III. SUMMARY JUDGMENT STANDARD
 
 8
 The district court granted the County's motion for summary judgment and dismissed all of plaintiffs' claims with prejudice. CR 71. Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party's burden may be satisfied by simply "pointing out to the district court [ ] that there is an absence of evidence to support the nonmoving party's case." Id. at 325.
 
 
 9
 The plaintiffs had ample time for discovery. The complaint was filed in May 1993 and the County did not move for summary judgment until March 1994. Yet, throughout their briefing, plaintiffs argue that genuine issues of material fact are created by (1) allegations contained in their complaint, (2) representations of plaintiffs' counsel contained in district court briefing, and (3) unauthenticated documents placed in the record as attachments to plaintiffs' summary judgment opposition. CR 67. None of these items constitute evidence, see Fed.R.Civ.P. 56(e), and they will not defeat a properly supported motion for summary judgment. Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 963 (9th Cir.1990) ("appellants must present some evidence establishing each element of their claims") (emphasis added).
 
 IV. THE MERITS
 
 10
 We may affirm on any ground supported by the record. Garcia v. Bunnell, 33 F.3d 1193, 1195 (9th Cir.1994), cert. denied, 115 S.Ct. 1374 (1995). The evidence of record demonstrates that summary judgment was proper on all of plaintiffs' claims.
 
 A. Copyright Infringement
 
 11
 As set out in the complaint, plaintiffs' allegations of infringement ostensibly relate to four different pieces of software: (1) Scene 1 Scenario, (2) COM2FAX, (3) QBASIC Compiler, and (4) Professional Developers License. See CR 47 (proposed amended complaint at p 2.5). Plaintiffs opening brief makes no reference to QBASIC Compiler and Professional Developers License. We deem plaintiffs' claims of infringement as to these items abandoned.
 
 
 12
 As to COM2FAX and Scene 1 Scenario, in order to establish their prima facie case of copyright infringement, plaintiffs must show (1) that they own a valid copyright in the software, and (2) that the County copied protected elements of that software. Apple Computer v. Microsoft Corp., 35 F.3d 1435, 1442 (9th Cir.1994), cert. denied, 115 S.Ct. 1176 (1995).
 
 
 13
 Included among the unauthenticated documents attached to plaintiffs' opposition to summary judgment are copies of certificates of registration for COM2FAX and Scene 1. If properly before us, these certificates constitute "prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. Sec. 410(c). In the district court, the County correctly pointed out that copies of the certificates were not authenticated. They nonetheless "agree[ed] that [they] constitute prima facie evidence of copyright validity." CR 69 (Def.'s Reply Br. at 2). In light of this concession, we consider the documents.
 
 
 14
 The registration certificate for COM2FAX identifies Boardman and Tadlock as the authors of the software. This prima facie evidence of ownership, however, satisfies only half of plaintiffs' burden of production. As to COM2FAX there is no evidence of copying by the County. In fact, the uncontradicted affidavits of LaBrecque (CR 55) and Scott Jorgensen (CR 54) establish that the County did not make any copies of COM2FAX. Summary judgment on this claim was proper.
 
 
 15
 The registration certificate for Scene 1 names only Boardman as the author. Plaintiffs concede that "[a]s to Tadlock, this registration is the only evidence of record" establishing a valid copyright. Appellants' Br. at 21. A registration certificate that does not mention Tadlock cannot constitute prima facie evidence that he owns a valid copyright. Summary judgment with respect to his claim for infringement of Scene 1 was proper.[1]
 
 
 16
 Resolution of Boardman's claim for infringement as to Scene 1 hinges on application of the "work for hire doctrine." As relevant here, a "work made for hire" is "a work prepared by an employee within the scope of his or her employment." 17 U.S.C. Sec. 101. If a work is one made for hire, "the employer or other person for whom the work was prepared is considered the author ... and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in copyright." 17 U.S.C. Sec. 201. Boardman argues that the work he performed for the County was as an independent contractor. See CR 34 (Brown Aff. at 2) ("Boardman has never been an employee of Capacitech Corporation. His role has always been that of subcontractor."). However, the parties agree that if Boardman was a Capacitech employee, the programming he did was "work made for hire," and he does not own a valid copyright to it.
 
 
 17
 Whether Boardman was or was not actually a Capacitech employee is not dispositive. Cf. Community for Creative Non-Violence v. Reid, 490 U.S. 730 (1989) (Court applied common law factors in determining whether artist was employee or independent contractor for copyright purposes). The County, in part, urges a more narrow ground to support the district court's summary judgment: Boardman is estopped from denying he was a Capacitech employee. See Service & Training, Inc. v. Data General Corp., 963 F.2d 680, 689 (4th Cir.1992) ("Equitable estoppel may deprive a plaintiff of an otherwise meritorious copyright infringement claim."); Melville Nimmer & David Nimmer, 3 Nimmer on Copyright Sec. 13.07, at 13-284 (1994) ("Principles of estoppel applicable elsewhere in the law are equally applicable in copyright infringement actions.").
 
 
 18
 "Estoppel is an equitable doctrine invoked to avoid injustice in particular cases." Heckler v. Community Health Services, 467 U.S. 51, 59 (1984). While its contours are flexible, generally "the party claiming the estoppel must have relied on its adversary's conduct in such a manner as to change his position for the worse, and that reliance must have been reasonable in that the party claiming the estoppel did not know nor should it have known that its adversary's conduct was misleading." Id. (internal quotation omitted). As detailed above, Boardman actively misrepresented his relationship with Capacitech. Uncontradicted evidence demonstrates that the County relied on these misrepresentations in agreeing to award Capacitech the contract. CR 64 (Hasson Aff. at 2). The County's reliance was both reasonable and detrimental. The record shows that after some investigation, the County believed that it had hired a company with the necessary in-house experience to efficiently and competently create and install the interactive voice response system. In fact, it appears that the County was actually dealing with a loose and transient affiliation of individuals and companies. Having participated in the misrepresentations made to the County, Boardman is estopped from disavowing them now in order to assert independent copyright ownership against the County.
 
 
 19
 Plaintiffs argue that we should only look to the actual relationship between Boardman and Capacitech and that the mistaken views of the County are irrelevant in determining the applicability of the work for hire doctrine. Principally, they rely on MacLean Assoc. v. Wm. M. Mercer-Meidinger-Hansen, Inc., 952 F.2d 769 (3d Cir.1991). MacLean Associates was a copyright dispute between parties positioned as Boardman and Capacitech might be in a suit between them to determine copyright ownership. We do not, however, decide whether Boardman was or was not an employee and we do not decide who if anyone owns a valid copyright in COM2FAX or Scene 1. All we decide is that Boardman is estopped from denying his employee status in order to claim copyright ownership against the County. Although not the question before it, the MacLean Associates court envisioned such a scenario. See Id. at 778 ("Mercer is not a third party who was fooled in any way by Mr. MacLean's representations"); see also Pamfiloff v. Giant Records, Inc., 794 F.Supp. 933, 937 (N.D.Cal.1992) (quoting Neva, Inc. v. Christian Duplications Intern., Inc., 743 F.Supp. 1533, 1548 (M.D.Fla.1990) (defense of estoppel "may be properly asserted in an infringement action")).[2]
 
 
 20
 B. Intentional Interference with a Business Expectancy
 
 
 21
 Plaintiffs' complaint contains an additional supplemental state law claim for intentional interference with a business expectancy. Under Washington law, there are four elements in plaintiffs' prima facie case: (1) a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferor; (3) intentional and wrongful interference inducing or causing a termination of the relationship or expectancy; and (4) damage. Pleas v. City of Seattle, 112 Wn.2d 794, 800-05, 774 P.2d 1158, 1161-64 (1989). To satisfy it burden under Celotex, plaintiffs must offer evidence in support of each of these elements. They have offered nothing. The sum total of plaintiffs' argument for reversal is that "the County has failed to establish the absence of a material fact regarding this claim." Appellants' Br. at 28. Plaintiffs have not satisfied their burden. Summary judgment was appropriate.
 
 C. Misappropriation and Conversion
 
 22
 Plaintiffs also assert claims for what they describe as misappropriation and conversion of copyright. CR 47 (Proposed Amended Complaint at paragraphs 4.2, 6.3).[3] Their claims relate to the County's allegedly wrongful use and possession of plaintiffs' software. We need not decide whether these state law claims are preempted by the Copyright Act. On this record, plaintiffs have not demonstrated that they have any ownership interest in the software.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although plaintiffs do not discuss it, the record does contain an affidavit from Tadlock stating that he is a coauthor of Scene 1. CR 47. This affidavit does not by itself establish that Tadlock owns a valid copyright. The certificate is prima facie evidence that he does not. See 17 U.S.C. Sec. 410(c) ("certificate of registration ... shall constitute prima facie evidence of ... the facts stated in the certificate"). Perhaps his name was omitted from the certificate in error. See S.O.S. Inc. v. Payday, Inc., 886 F.2d 1081, 1086 (9th Cir.1989) ("Absent intent to defraud and prejudice, inaccuracies in copyright registration do not bar actions for infringement.") (internal quotation omitted). Boardman's certificate of registration identifies Scene 1 as a "work made for hire." Perhaps Boardman checked the "work for hire" box to claim for himself the copyright to work done by Tadlock. In reviewing summary judgment, it is not our job to speculate. Tadlock has not offered any explanation as to these inconsistencies. His affidavit does not present sufficient evidence to establish that he owns a valid copyright in Scene 1
 
 
 [2]
 The County urges a number of other grounds for affirmance. One of these arguments concerns Boardman's apparent agency or authority. Apparent authority "arises when a principal causes a third party to believe, correctly or not, that the principal has authorized the agent to engage in particular conduct." Thomas v. INS, 35 F.3d 1332, 1339 (9th Cir.1994). If applicable, the doctrine serves to bind a principal for the acts of its agent, even though undertaken without actual authority. Morrow Crane Co. v. Affiliated FM Ins. Co., 885 F.2d 612, 614 (9th Cir.1989). On its face, the doctrine has no apparent relevance to the County's defense of an action by Boardman, the "agent." Even if applicable on the facts, we note that there is authority, not cited by the parties, that the doctrine is inapplicable as a matter of law to copyright infringement actions. Pinkham v. Sara Lee Corp., 983 F.2d 824, 828-29 (8th Cir.1992) (apparent authority defense not available in infringement action). Because we do not rely on the doctrine, we express no view on this question
 
 
 [3]
 The complaint characterizes the misappropriation claim as federal. The "protection given to copyrights is wholly statutory." Sony Corp. v. Universal City Studios, Inc., 464 U.S. 417, 431 (1984). The Copyright Act of 1976 creates a private cause of action for infringement, see 17 U.S.C. Sec. 501(b), and sets out statutory remedies. See 17 U.S.C. Secs. 502-505. There is no federal cause of action for "misappropriation of copyright."